IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Lawrence, #232835, | ) |
|                Petitioner, | ) C/A No. 0:08-1823-CMC-PJG |
| vs. | ) **REPORT AND RECOMMENDATION** |
| McKither Bodieson, | ) |
|                Respondent. | ) |

The petitioner, Johnny Lawrence ("Lawrence"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 35). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 37.) Lawrence filed two responses in opposition to the respondent's motion. (Docket Entries 41 & 46.) The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

**A.     State Court Proceedings**

Lawrence was indicted in December 1995 in Georgetown County for murder and assault with intent to kill (95-GS-22-626). (App. at 478-79, Docket Entry 36-7 at 42-43.) Lawrence was represented by Reuben Goude, Esquire, and on May 6-7, 1996, was tried by a jury and found guilty of murder. (App. at 242, Docket Entry 36-4 at 4.) The circuit court sentenced Lawrence to life imprisonment. (App. at 244, Docket Entry 36-4 at 6.)

Lawrence timely filed a direct appeal, in which he was represented by Lisa G. Echols, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense. Echols filed a final brief on May 14, 1997. (Docket Entry 36-8.) In a *per curiam* opinion issued October 29, 1997, the South Carolina Supreme Court affirmed Lawrence's conviction. (State v. Lawrence, 1997-MO-106 (S.C. Oct. 29, 1997), Docket Entry 36-10.) The remittitur was issued on November 19, 1997. (Docket Entry 36-11.)

On July 18, 2000, Lawrence filed an application for post-conviction relief ("PCR"). (See Lawrence v. State of South Carolina, 00-CP-22-523, App. at 246-313, Docket Entry 36-4 at 8-75.) The State filed a return and motion to dismiss on July 2, 2001 in which they argued that Lawrence's application should be summarily dismissed because it was not filed within the statute of limitations period established by S.C. Code Ann. § 17-27-45(A). (App. at 357-61, Docket Entry 36-5 at 43-47.) Lawrence amended his application on July 31, 2001 and asserted additional grounds of ineffective trial and appellate counsel. (App. at 314-56, Docket Entry 36-4 at 76 through Docket Entry 36-5 at 42.) The State's motion to dismiss was denied by order dated August 1, 2001, in which the court held that, because Lawrence's appellate counsel failed to inform him of the conclusion of his appeal, Lawrence's application would be considered timely filed. (Docket Entry 36-12.) On November 5, 2001, the PCR court held an evidentiary hearing at which Lawrence appeared and testified and was represented by Jeffrey J. Galon, Esquire. (App. at 363-470, Docket Entry 36-5 at 49 through Docket Entry 36-7 at 34.) The PCR judge dismissed Lawrence's PCR application on September 10, 2002. (App. at 471-75, Docket Entry 36-7 at 35-39.) Lawrence filed a motion for reconsideration to which the State filed a response. The PCR court denied Lawrence's motion by order filed November 17, 2005. (Docket Entry 26-19.)

On appeal, Lawrence was represented by Robert M. Pachak, Esquire, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On February 8, 2007, counsel for Lawrence filed a Johnson[1] Petition for Writ of Certiorari and a petition to be relieved as counsel. (Docket Entry 36-23.) The South Carolina Supreme Court denied Lawrence's petition for certiorari in an order filed February 6, 2008. (Docket Entry 36-24.) Lawrence filed a letter on February 18, 2008 in which he alleged that the Commission on Indigent Defense's Division of Appellate Defense had a conflict of interest in representing him and that he was not informed by counsel of the court of his right to file a *pro se* response to the Johnson petition. (Docket Entry 36-25.) Also in his letter, Lawrence requested additional time to file a *pro se* brief and asked that his letter be construed as a petition for rehearing. (Id.) The court denied Lawrence's petition for rehearing on March 5, 2008. (Docket Entry 36-26 at 3-4.) The remittitur was issued on March 5, 2008. (Docket Entry 36-26 at 1.)

**B.    2006 Federal Habeas Petition**

Lawrence filed a federal petition for a writ of habeas corpus in the United States District Court for the District of South Carolina on October 31, 2006. See Lawrence v. Burtt, et al., C/A No. 9:06-3113-CMC. The respondents filed a motion for summary judgment on February 7, 2007. On April 26, 2007, the Honorable Cameron McGowan Currie dismissed Lawrence's petition without prejudice, as Lawrence had not yet exhausted his state court remedies.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

Lawrence appealed. The United States Court of Appeals for the Fourth Circuit dismissed Lawrence's appeal on January 14, 2008. The mandate was issued on March 26, 2008.

## FEDERAL HABEAS ISSUES

Lawrence filed the instant petition for a writ of habeas corpus on May 6, 2008. (Docket Entry 1.) In his Petition, Lawrence raises the following issues:

**Ground One:** Violation Sixth Amendment right to Counsel was ineffective
**Supporting Facts:** Trial Counsel before trial and during trial ple[]d Petitioner guilty by telling jury to convict petitioner three time[s].

**Ground Two:** Counsel failure to object to 'Doyle' violation

**Ground Three:** Compelled testimony, Fifth Amendment violation by Court
**Supporting Facts:** Court told Petitioner that it would charge if the (evidence) testimony, so indicated manslaughter which [i]nduced this petitioner to give up his right not to testify?

**Ground Four:** Prosecutorial misconduct, interjecting personal opinion

**Ground Five:** Prosecutorial misconduct, bolstering the testimony of witness in his summations.

**Ground Six:** Counsel was ineffective pretrial
**Supporting Facts:** Trial Counsel came to an agreement with the Solicitor to test petitioner psychologically, this was done without petitioner[']s knowledge and consent. Which, meant that petitioner did not have a defense.? An[d] it help to bolster the state[']s case. And had petitioner agreed he would have pl[ed] guilty but mentally ill?

**Ground Seven:** Ineffective assistance of Appellant Counsel on direct appeal
**Supporting Facts:** Appellate Counsel did not make an appearance at either of the two hearing. Which called her conduct into question. The State it would appear has abandoned any defense to my allegation of violation of my right under Sixth Amendment to the effective assistance of counsel on my first appeal as of right? Counsel abandoned and failure to raise clearly meritorious issues may be viewed as ____ [ineffective assistance].

**Ground Eight:** Counsel [was] ineffective for failing to object to lesser included under 'Beck'

**Ground Nine:** Counsel was Ineffective for not objecting to Judge[']s Charge which left out a Charge on which was defendant's only defense.

**Ground Ten:** Counsel [was] Ineffective failed to object to Charge 'True Accident'
**Supporting Facts:** from trial transcript it appeared that the Court was charging on a fact relieved Stated of burden of proof beyond a[] reasonable doubt?

(Docket Entry 1) (citations to record omitted).

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.  **Statute of Limitations**

The respondent argues that Lawrence's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Lawrence filed a direct appeal with the South Carolina Supreme Court, his conviction became final ninety days after October

*PJG*

29, 1997, the date the South Carolina Supreme Court dismissed the appeal.[2] Thus, his conviction became final on January 27, 1998. Accordingly, the limitations period began to run on January 28, 1998 and expired on January 27, 1999, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Lawrence filed a state PCR application on July 18, 2000. At that point, 903 days of non-tolled time had accrued since the period of limitations began to run. The PCR court considered Lawrence's PCR application to be properly filed; accordingly, the time during which his application was pending is tolled for the purpose of calculating his federal limitations period until no later than March 5, 2008, when the South Carolina Supreme Court issued the remittitur from its order denying certiorari review on the PCR order of dismissal. See, e.g., Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (holding "that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari"). Lawrence filed the instant federal Petition for a

---

[2]Because Lawrence sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). Further, the time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. R. 13.3.

writ of habeas corpus on May 6, 2008.  Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Consequently, Lawrence filed his Petition over a year and a half after the expiration of the one-year limitations period under § 2244(d)(1)(A).

Under a liberal construction of Lawrence's filings, Lawrence appears to argue that his one-year deadline under § 2244(d) to file his federal habeas Petition should be equitably tolled for the same reasons the PCR court found his PCR application to be timely:  his appellate counsel failed to inform him when his direct appeal was concluded.  However, the PCR court's determination on this issue involves an interpretation and application of the state statute of limitations for seeking state collateral review and is not determinative of the timeliness of his federal Petition.

Here, to avoid application of § 2244(d) regarding the timeliness of the instant *federal* habeas Petition, Lawrence must show that the one-year limitations period should be equitably tolled under applicable federal law.  See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted).  Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present:  "(1) extraordinary circumstances, (2)

beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Courts have held, however, that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Bums v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling. . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id. Additionally, "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." Jones v. South Carolina, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (Currie, J.) (unpublished).

Despite voluminous filings by Lawrence, the record is devoid of any evidence that Lawrence diligently pursued his right to timely seek collateral review of his conviction. Rather, the only evidence presented shows that Lawrence did not inquire about the status of his direct appeal until over two and a half years had elapsed since his direct appeal became final for purposes of § 2244(d)(1). (Docket Entry 1-3 at 8.) Accordingly, Lawrence has not met his burden to show that he is entitled to equitable tolling. See, e.g., Smith v. Bodison, C/A No. 2:09-489-HFF-RSC, 2009 WL 2340648, *2 (D.S.C. July 29, 2009) (Floyd, J.) (unpublished) (concluding that the petitioner did not establish reasonable diligence where he sent seven letters to his attorney and attempted to contact the clerk of court and collecting similar cases).

beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Courts have held, however, that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Bums v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling. . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id. Additionally, "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." Jones v. South Carolina, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (Currie, J.) (unpublished).

Despite voluminous filings by Lawrence, the record is devoid of any evidence that Lawrence diligently pursued his right to timely seek collateral review of his conviction. Rather, the only evidence presented shows that Lawrence did not inquire about the status of his direct appeal until over two and a half years had elapsed since his direct appeal became final for purposes of § 2244(d)(1). (Docket Entry 1-3 at 8.) Accordingly, Lawrence has not met his burden to show that he is entitled to equitable tolling. See, e.g., Smith v. Bodison, C/A No. 2:09-489-HFF-RSC, 2009 WL 2340648, *2 (D.S.C. July 29, 2009) (Floyd, J.) (unpublished) (concluding that the petitioner did not establish reasonable diligence where he sent seven letters to his attorney and attempted to contact the clerk of court and collecting similar cases).

## RECOMMENDATION

Based upon the foregoing, the court finds that Lawrence's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 35) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).